HANGZHOU SPRING WASHER CO., LTD., Plaintiff, v. UNITED STATES OF AMERICA, Defendant, and SHAKEPROOF ASSEMBLY COMPONENTS DIVISION OF ILLINOIS TOOL WORKS, INC., Defendant-Intervenor.

Court No. 04–00133

### *JUDGMENT*

CARMAN, Judge: In *Hangzhou Spring Washer Co., Ltd., v. United States*, 29 CIT ___ , 387 F. Supp. 2d 1236 (2005), the Court affirmed in part and remanded in part this matter to the United States Department of Commerce ("Commerce"). This Court affirmed the issues of valuation of plating and overhead, selling, general and administrative expenses, and profit as being supported by substantial evidence on the record or otherwise in accordance with law. *Hangzhou*, 387 F. Supp. 2d at 1251. Pursuant to Commerce's voluntary remand request to review the issue of subsidy suspicion policy regarding the valuation of steel wire rod, the Court also remanded the issue of revocation insofar as the review would have affected its outcome.

On October 14, 2005, Commerce filed its *Redetermination on Remand Pursuant to Hangzhou Spring Washer Co., Ltd., v. United States, Court No. 04–00133 ("Remand Redetermination")*. In its *Remand Redetermination*, Commerce determined that no modifications needed to be made to *Certain Helical Spring Lock Washers from the People's Republic of China*, 69 Fed. Reg. 12,119 (Dep't Commerce Mar. 15, 2004) (final results of antidumping duty administrative review) (*"9th Review Final Results"*). Upon review, Commerce found that its decision regarding the use of surrogate prices to value steel wire rod in the *9th Review Final Results* was correct. *See Remand Redetermination* at 1. Commerce reconsidered the issue of valuation of steel wire rod in light of its subsequent decision in *Certain Color*

*Television Receivers from the People's Republic of China*, 69 Fed. Reg. 20,594 (Dep't Commerce Apr. 15, 2004) (final determination) ("*Color Televisions*"). After revisiting the issue, Commerce stated that *Color Televisions* "was a departure from [its] practice and should not be followed because it did not take proper account of the directive in the legislative history for [Commerce] to avoid using any prices which it has reason to believe or suspect may be dumped or subsidized prices." *Remand Redetermination* at 6. Consequently, Commerce found that the dumping margin for Hangzhou Spring Washer Company ("Hangzhou") continues to be above *de minimis* and therefore revocation is unwarranted. *See id.* at 1. Accordingly, Hangzhou's antidumping duty margin for the period from October 1, 2001, to September 30, 2002, remains 28.59 percent. *See 9th Review Final Results* at 12,120.

Having received, reviewed and duly considered Commerce's *Remand Redetermination* and comments from parties, this Court holds that Commerce complied with the remand order. Further, this Court holds that Commerce's *Remand Redetermination* is reasonable, supported by substantial evidence on the record and otherwise in accordance with law; and it is hereby

ORDERED that the *Remand Redetermination* filed by Commerce on October 14, 2005, is affirmed in its entirety.